UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Alisa PERSONS,                                      Civil No. 09-CV-2884 (JRT/LIB)

        Plaintiff,

v.                                                                  **REPORT AND RECOMMENDATION**

WDIO-TV AND
HUBBARD BROADCASTING,

        Defendants,

---

     This matter came before the undersigned United States Magistrate Judge upon Defendant Hubbard Broadcasting's Motion for Entry of Judgment and Defendant WDIO-TV's Motion to Dismiss. The case has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. A hearing was held on October 12, 2011. For the reasons outlined below, the Court recommends that Defendants' motions be granted.

## I.    BACKGROUND

     Plaintiff, Alisa Persons, filed this lawsuit on October 16, 2009 against Defendants, WDIO-TV and Hubbard Broadcasting, alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Equal Pay Act, and the Occupational Safety and Health Act. (Report and Recommendation [Docket No. 36] at 3). She was employed by WDIO-TV, of which Hubbard is the parent company. (Id. at 20-21).

     On August 9, 2010, Chief Magistrate Judge Erickson issued a report and recommendation that Hubbard's Summary Judgment Motion be granted and all claims against Hubbard be dismissed with prejudice; that Defendants' Motion to Dismiss the Occupational Safety and

Health Act claims be granted and all such claims be dismissed with prejudice; and that the remaining claims against WDIO-TV be referred to arbitration with the litigation stayed in the meantime.  (Id. at 54).

Additionally, the report and recommendation made a recommendation regarding a slightly unusual procedural issue.  Originally when Plaintiff filed her complaint, she failed to sign it.  (Order [Docket No. 3] at 1).  By an Order, the Court required Plaintiff to file a new complaint or amend her complaint to include a signature and warned her that any failure to do so will result in a "recommend[ation] that the case be dismissed without prejudice, pursuant to Rule 41(b)."  (Id. at 1-2).  Plaintiff proceeded via the latter route and filed an "Amended Complaint" that included her signature and a sentence that read "The original complaint of October 15th, 2009 is hereby amended to include the signature of the petitioner."  (Docket No. 4 at 7).  However, the original complaint, rather than the signed Amended Complaint, was served upon the Defendants by the U.S. Marshal.  In the report and recommendation, considering Plaintiff's pro se status, Chief Magistrate Judge Erickson recommended the denial of Defendant's Motion to Dismiss and gave Plaintiff 30 days to forward two copies of her Amended Complaint for service upon the Defendants by the U.S. Marshal.  (See Report and Recommendation at 19-20).  On September 1, 2010, Judge Tunheim issued an order adopting the Report and Recommendation.  (See Order [Docket No. 39]).

For more than eight months after Judge Tunheim's Order, the case remained completely dormant.  Plaintiff filed no objections to Judge Tunheim's Order, did not ask for a reconsideration of the Order, and did not file an appeal.  As such, on May 3, 2011, this Court issued an order requiring the parties to file a brief letter to the Court addressing the status of the case.  (See Order [Docket No. 40]).  Defendant responded that Plaintiff had not served either

Defendant with the Summons and her Amended Complaint, and furthermore, had taken no action to demand arbitration or otherwise initiate the arbitration process. (Letter to Magistrate Judge [Docket No. 41] at 2). In its letter, Defendant made several arguments as to why this action should be dismissed, and asked the Court if it would prefer a motion to that effect. (Id. at 3).

Plaintiff also wrote a letter to the Court objecting to a motion to compel arbitration. (See Objection [Docket No. 43]). In her Objection, Plaintiff asserted that she filed an amended complaint with her signature, however, she "assum[ed] that the amended complaint would have then been served properly." (Id. at 1). She did not believe that it was necessary for her to request to have the Amended Complaint served by the U.S. Marshal. (Id.) Additionally, Plaintiff argued that the Order compelling arbitration was invalid and unlawful. (Id. at 2-5). Finally, she claimed that she is attempting to obtain representation by an attorney and that she has filed a new complaint with the EEOC. (Id. at 6). As such, she requested more time to seek representation—the same request she made to Chief Magistrate Judge Erickson in her March 25, 2010 letter. (See Docket No. 27 at 5).

On August 9, 2011, this Court issued an Order lifting the stay of litigation pending the outcome of the arbitration because arbitration had not yet commenced. (See Order [Docket No. 44]). It directed the Defendant that if it "believes that this case should be dismissed, it should file a proper motion to dismiss . . ." no later than October 1, 2011. (Id. at 2). Similarly, it directed Plaintiff to file a proper motion to compel arbitration, if she still wished to pursue arbitration. (Id.) On August 29, 2011, Defendant Hubbard filed a motion for entry of judgment. (See Docket No. 45). Also on August 29, 2011, Defendant WDIO-TV filed a motion to dismiss. (See Docket No. 50). On October 26, 2011, an hour before the scheduled hearing on these

motions, Plaintiff faxed a memorandum in opposition to Defendant's motions.  The Clerk of

Court advised Plaintiff that it does not accept fax filings and that she would need to otherwise

file her memorandum.[1]  On October 27, 2011, Plaintiff, via U.S. mail, filed the memorandum

with the Clerk of Court.  (See Docket No. 61).

## II.      MOTION FOR ENTRY OF JUDGMENT

### 1.   Standard of Review

Before considering Defendants' motions, the Court notes that it has read Plaintiff's

filings liberally as it must.  See Williams v. Carter, 10 F.3d 563, 567 (8th Cir.1993) ("Pleadings

and other documents filed by pro se litigants should be treated with a degree of indulgence, in

order to avoid a meritorious claim's being lost through inadvertence or misunderstanding").

However, although pro se pleadings are to be construed liberally, pro se litigants are not excused

from failing to comply with substantive and procedural law.  Brown v. Frey, 806 F.2d 801, 804

(8th Cir.1986).

To the merits of Hubbard's motion, Federal Rule of Civil Procedure 58(d) provides that

"[a] Party may request that judgment be set out in a separate document as required by Rule

58(a)."  Subpart (a) states that:

> Every judgment and amended judgment must be set out in a separate document,
> but a separate document is not required for an order disposing of a motion: (1) for
> judgment under Rule 50(b); (2) to amend or make additional findings under Rule

---

[1] Federal Rule of Civil Procedure 5 provides that documents can be filed by delivering them to the Clerk or by electronic filing.  Local Rule 5.4 explains that service requirements can be satisfied "in the manner prescribed by the most recently adopted version of the Electronic Case Filing Procedures for the District of Minnesota."  The procedures manual, publicly available on the District Court's website, explains that filings may be made by email, U.S. mail, or in person, in addition to the ECF system.  CM/ECF User's Manual – Civil (October 2011), http://www.mnd.uscourts.gov/cmecf/guides/CM-ECF-Civil-Users-Manual.pdf.  Because a "district court has discretion whether to accept or reject such untimely filed materials," it would be entirely within the Court's discretion not to consider Plaintiff's filing.  African American Voting Rights Legal Defense Fund, Inc. v. Villa, 54 F.3d 1345, 1350-51 (8th Cir. 1995) (affirming the district court's refusal to accept untimely materials because no showing of excusable neglect was made).  However, because Defendant's counsel had an opportunity to review the fax prior to the hearing and declined the opportunity for further submission to address Plaintiff's fax submission, the Court will consider Plaintiff's untimely submission.

> 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or
> amend the judgment, under Rule 59; or (5) for relief under Rule 60.

Fed. R. Civ. P. 58(a).

### 2. Discussion

Defendant, Hubbard, argues that entry of judgment is appropriate, if the Court grants Defendant, WDIO-TV's, pending motion to dismiss, because "no claims against any defendant would remain pending in the case." (Def. Hubbard Broadcasting, Inc.'s Mem. of Law. in Supp. of Mot. for Entry of J. [Docket 47] at 1). Hubbard brings the motion "to ensure that if the motions of WDIO-TV, LLC are granted, Hubbard Broadcasting, Inc. will be included in the final judgment to be entered." (Id. at 2).

Federal Rule of Civil Procedure 54(b) provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Though the parties had the opportunity to seek such relief at the time of Judge Tunheim's Order, neither party made a motion to that effect. Judge Tunheim's September 1, 2010 Order granted Hubbard's motions for summary judgment and dismissed with prejudice all claims against Hubbard. (Order [Docket No. 39] at 2). The Order also dismissed, with prejudice, Plaintiff's claims under the Occupational Safety and Health Act against both Defendants. (Id.) As discussed more fully below, the Court now recommends that all remaining claims against Defendant WDIO-TV be dismissed. As such, the Court recommends that, in compliance with Federal Rule of Civil Procedure 58, judgment be entered in a separate document such that all claims against Hubbard be dismissed pursuant to the previously entered Ordered in favor of Hubbard.

### III.   MOTION TO DISMISS PURSUANT TO RULE 12(B)(4)

### 1.  Standard of Review

"On a motion to dismiss brought under Fed. R. Civ. P. 12(b)(4) . . . the plaintiff must establish prima facie evidence that there was sufficient process and service of process." Hahn v. Bauer, No. 09-2220 (JNE/JJK), 2010 WL 396228, at *6 (D. Minn. Jan. 27, 2010).  If there is insufficient process, the Court "has discretion to either dismiss the action or quash service and retain the case." Duran v. Andrew, No. 4:08CV1400 JCH, 2009 WL 113382, at *4 (E.D. Mo. Jan. 15, 2009).  "When the summons and complaint are not served together, a district court may grant a motion to dismiss based on that ground." Pitchford v. Southland Racing Corp, No. 3:08-CV-00097-WRW, 2008 WL 2954275, at *2 (E.D. Ark. Jul. 29, 2008).  "The cases and commentators suggest that the better practice is to quash insufficient service of process unless it is clear that plaintiff cannot effect proper service." Froland v. Yamaha Motor Co., Ltd., 296 F. Supp. 2d 1004, 1008 (D. Minn. 2003).

### 2.  Discussion

In his September 1, 2010 Order, upon the recommendation of Chief Magistrate Judge Erickson, Judge Tunheim denied Defendants' motions to dismiss for insufficiency of service of process.  (Order [Docket No. 39] at 1).  Instead, Judge Tunheim afforded Plaintiff 30 days after the Order "to serve the Defendants with a Summons, and her Amended Complaint, through the services of the United States Marshal."  (Id.)  Defendant alleges that Plaintiff failed to do so.  (Def. WDIO-TV, LLC's Mem. of Law in Supp. of Mots. for Dismissal [Docket No. 52] at 3).  As such, Defendant requests that the Court "revisit the question of sufficiency of process."  (Id. at 5).  Plaintiff does not deny that she failed to serve the Amended Complaint but states that she was unaware "that a new request for service of a summons and complaint had to be initiated."  (Objection to Defs.' Request for Summ. J. and Dismissal [Docket 61] at 1).

If the Court were to recommend granting Defendant's motion to dismiss on the basis of insufficient process, it would be without prejudice. See <u>Duran v. Andrew</u>, No. 4:08CV1400 JCH, 2009 WL 113382, at *4 (E.D. Mo. Jan. 15, 2009) (warning Plaintiff that if he failed to serve Defendant within the court's extension of time, it would dismiss Plaintiff's case without prejudice); <u>Raynor v. Titus</u>, No. 4:06CV3244, 2008 WL 483448, at *1 (D. Neb. Feb. 19, 2008) (modifying a report and recommendation to dismiss so that it is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5)); <u>Harbour v. Peters</u>, No. 05-1252-MLB, 2006 WL 219914, at *6 (D. Kan. Jan. 27, 2006) (warning that if Plaintiff failed to serve Defendant within the 90 day extension, the case would be dismissed without prejudice). However, in light of the Court's recommended dismissal pursuant to Fed. R. Civ. P. 41(b), as discussed more fully below, it is unnecessary to decide the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4).

## IV.    MOTION TO DISMISS PURSUANT TO RULE 41(B)

### 1.   Standard of Review

Federal Rule of Civil Procedure 41(b) provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The rule provides three bases for dismissal: failure to prosecute, failure to comply with the rules, and failure to comply with a court order. "The court may take action under Rule 41(b) as part of its inherent power to control its docket." <u>Lunsford v. RBC Dain Rauscher, Inc.</u>, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008). Such dismissal "is necessary to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts."

Warner v. Dillard's, Inc., No. 4:05CV664MLM, 2006 WL 27429, at *2 (E.D. Mo. Jan. 5, 2006) (dismissing with prejudice because "plaintiffs' counsel both failed to prosecute and to comply with orders of this court"). It "enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct." Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997).

Ordinarily, unless a court states otherwise, an involuntary dismissal pursuant to Rule 41(b) operates with prejudice to the dismissed party and prevents it from bringing a new action. See Luney v. SGS Automotive Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005).

"Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984); see also ACS State Healthcare, LLC v. Fourthought Group, Inc., No. 4:08CV03021, 2009 WL 2407416, at *3 (D. Neb. Aug. 3, 2009) ("Dismissal under Rule 41(b) is a severe sanction that should only be available for willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."). Before dismissing an action with prejudice, courts should "first consider whether any less-severe sanction could adequately remedy the effect of the delay on the court and the prejudice to the opposing party." Smith v. Gold Dust Casino, 526 F.3d 402, 406 (8th Cir. 2008) (internal quotation marks omitted). Though advising the party that it is "skating on the thin ice of dismissal is encouraged, . . . this circuit has yet to hold that such an admonition is necessary to sustain a Rule 41(b) dismissal." Harrison v. Deutsche Bank, NA, No. 8:11CV160, 2011 WL 4758076, at *2 (D. Neb. 2011) (quoting Rodgers v. Curators of Univ. of Mo, 135 F.3d 1216, 1221 (8th Cir. 1998)). Furthermore, it is entirely within a court's discretion to dismiss with prejudice. See Chailland v. Hartford Life Ins. Co., No. 1:05CV147 HEA, 2006 WL 120139, at

*1 (E.D. Mo. Jan. 17, 2006) (dismissing action with prejudice because the plaintiff failed to respond to a court order directing the plaintiff to file an amended complaint).

A court need not find a showing of bad faith because dismissal requires "only that [the party] acted intentionally as opposed to accidentally or involuntarily." Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000) (quoting Rodgers, 135 F.3d at 1219); Gatewood v. Little Rock Nat. Airport, No. 4:10cv00189 SWW, 2011 WL 976614, at *2 (E.D. Ark. Mar. 18, 2011). The failure to prosecute must be "conscious or intentional . . . as distinguished from accidental or involuntary noncompliance, and no wrongful intent need generally be shown." Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 97 (8th Cir. 1971). The court should consider "its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." Hunt, 203 F.3d at 527.

When there is evidence of a "clear record of delay," dismissal is the appropriate remedy. Lunsford, 590 F. Supp.2d at 1158; see also American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) ("The district court's exercise of this power is within the 'permissible range of its discretion' if there has been a clear record of delay or contumacious conduct by the plaintiff." (internal quotation marks omitted)). In Cline, the Eighth Circuit, explaining that "pro se litigants are not excused from complying with court orders or substantive and procedural law," affirmed a dismissal with prejudice pursuant to Rule 41(b), because "appellants' refusal to comply with the court's order was intentional, and . . . the magistrate granted appellants' requests for extensions of time in which to file an amended complaint." Cline, 859 F.2d at 61; see also

Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (explaining that pro se litigants are not excused from complying with court orders or substantive and procedural law).

### 2.  Discussion

All three of the bases for dismissal pursuant to Rule 41(b) exist in this case, and therefore, the Court recommends that Plaintiff's action be dismissed with prejudice.

First, Plaintiff has entirely failed to prosecute her case since initiating it on October 16, 2009.  During the entire life of this case, Plaintiff has not filed a single motion to the Court, with the exception of the motion for leave to proceed in forma pauperis.  Defendant states that Plaintiff has not performed any discovery, filed any motions, or engaged in any other pretrial practice at any time during the pendency of this action.  (Def.'s Mem. of Law. in Supp. of Mot. for Dismissal at 3).  Indeed, all of Plaintiff's filings have been in response to a Court order or a motion filed by Defendants; Plaintiff has not filed or initiated any proceedings on her own. Furthermore, Defendant's counsel, at the hearing, provided that he's never even been directly contacted by the Plaintiff during this lawsuit.

Plaintiff's arguments that she is diligently seeking to obtain counsel are unpersuasive. Plaintiff initially made the same plea that she is attempting to secure professional representation in her March, 26, 2010 Objections to the motion to compel arbitration.  (Obj. to Mot. to Compel Arbitration and Request for Continuance [Docket No. 27] at 4).  Chief Magistrate Judge Erickson denied Plaintiff's motion for a continuance on the hearing and explained that "nearly six (6) months will have passed since the filing of her Complaint—a period of time that should have afforded the Plaintiff an ample opportunity to retain legal representation."  (Order [Docket No. 34] at 2).  Then, in her June 1, 2011 letter, she advised the Court that she "most recently consulted with an attorney about this matter and was referred to another attorney for follow-up"

and requested more time to seek representation.  (Obj. to Mot. to Compel Arbitration and

Request for Continuance [Docket No. 43] at 6).  In her October 27, 2011 submission, Plaintiff

again stated that she is attempting to find an attorney.  (See Objection to Def.s' Request for

Summ. of J. and Dismissal [Docket No. 61] at 1-2).  Chief Magistrate Judge Erickson's March

26, 2011 Order clearly advised Plaintiff that she would not be excused from complying with the

rules of the Court merely because she is unrepresented.  Furthermore, Chief Magistrate Judge

Erickson's Order should have alerted her that if she sought to acquire legal representation, she

should pursue it diligently.  Now, more than 24 months after Plaintiff filed her initial complaint

and more than 17 months after Chief Magistrate Judge Erickson's Order, Plaintiff represents that

she is still attempting to find an attorney.  Plaintiff has been afforded more than ample time to

find an attorney.

Moreover, after Judge Tunheim's September 1, 2010 Order sending Plaintiff's remaining

claims to arbitration, Plaintiff took no steps to initiate that arbitration.  (Def.'s Mem. of Law. in

Supp. of Mot. for Dismissal at 3).  Plaintiff also took no action in the case even before Judge

Tunheim's Order sending Plaintiff's claims to arbitration.  Plaintiff filed no objection to Chief

Magistrate Judge Erickson's Report and Recommendation and did not appeal Judge Tunheim's

Order.  Indeed, the case remained entirely dormant until the Court, on May 3, 2011, on its own

initiative, issued an Order for the parties to advise the Court on the status of the case.  (Order

[Docket No. 40] at 1).  On June 1, 2011, Plaintiff filed a letter which appeared to be an objection

to Chief Magistrate Judge Erickson's earlier Report and Recommendation.  The objection,

having been filed more than 10 months after the Report and Recommendation issued, was clearly

outside of the 14 day requirement provided in Federal Rule of Civil Procedure 72(b)(2).  Then,

on August 9, 2011, the Court lifted the stay on litigation because of the failure of Plaintiff to take

any steps to commence arbitration.  It directed Plaintiff to file a motion to compel arbitration, if she still wished to pursue it, and advised the Defendant that if it believed that this case should be dismissed, it could file a proper motion to dismiss.  (Order [Docket No. 44] at 2).  The notice not only reminded Plaintiff that she could file a motion to compel arbitration, but also put her on notice that if she took no action, a motion to dismiss may be forthcoming.  Regardless of the Court's warning, Plaintiff remained silent until the morning of the scheduled hearing when she filed an untimely Objection to Defendant's Request for Summary of Judgment and Dismissal.[2] Notably, in her Objection, she did not state that she is working to perfect service or that she seeks to arbitrate the claims.  Plaintiff's failure to sufficiently serve the Defendant, Plaintiff's failures to conduct discovery in this case, or to take any steps to initiate arbitration, exhibit a clear record of delay and persuade the Court that Plaintiff has failed to prosecute her case.

Second, Plaintiff has failed to comply with the procedural rules of this Court on several occasions and has failed to comply with a court order.  Initially, Plaintiff failed to sign her complaint.  By an Order, the Court required Plaintiff to file a new complaint or amend her complaint to include a signature and warned her that any failure to do so will result in a "recommend[ation] that the case be dismissed without prejudice, pursuant to Rule 41(b)." (Order [Docket No. 3] at 1).  Plaintiff proceeded via the latter route and filed an "Amended Complaint" that included her signature and a sentence that read "The original complaint of October 15th, 2009 is hereby amended to include the signature of the petitioner."  (Docket No. 4 at 7).  However, the original complaint, rather than the signed Amended Complaint, was served

---

[2] As discussed above, the Court is not required to accept Plaintiff's filing, but given that Defendant declined the opportunity for further submission to address Plaintiff's memorandum, the Court will consider it.  Even so, with the exception of some updates regarding Plaintiff's efforts to secure counsel, the memorandum is primarily a repetition of Plaintiff's initial allegations.  To the extent that Plaintiff "oppos[es] the motion for summary judgment," such an objection is untimely for the same reasons as the June 1, 2011 submission.  (Obj. to Defs. Request for Summ. of J. and Dismissal [Docket No. 61] at 7).  To the extent that Plaintiff opposes dismissal "because of the manner in which this complaint has been filed and served," it is addressed in this report and recommendation.  (Id.)

upon the Defendants by the U.S. Marshal.  In the report and recommendation, considering Plaintiff's pro se status, the Court recommended the denial of Defendant's Motion to Dismiss and gave Plaintiff 30 days to forward two copies of her Amended Complaint for service upon the Defendants by the U.S. Marshal.  On September 1, 2010, Judge Tunheim issued an order adopting the Report and Recommendation.

The Report and Recommendation afforded Plaintiff an additional opportunity to correct the insufficient process.  It also clearly directed her to "forward two (2) copies of her Amended Complaint for service upon the Defendants by the U.S. Marshal."  (Report and Recommendation [Docket No. 36] at 19-20).  Plaintiff failed to take advantage of the additional opportunity to properly serve Defendant with process.  Plaintiff cannot now argue that she was unaware "that a new request for service of a summons and complaint had to be initiated."  (Obj. to Defs. Request for Summ. of J. and Dismissal [Docket No. 61] at 1).  Although she may have been confused by her initial failure to follow the rules, no room for confusion was left after Chief Magistrate Judge Erickson's clear directive.  Her disregard for the additional opportunity to cure the defect, demonstrates not only a failure to comply with the procedural rules of this Court but also a failure to comply with an order of the Court.  Plaintiff's pro se status does not excuse her from compliance with procedural rules or the Court's orders.  Burgs, 745 F.2d at 528 (affirming a dismissal with prejudice under Rule 41(b) because Plaintiff "showed a lack of diligence in pursuing his suits and an apparent unwillingness to comply with the orders of the court").

For the reasons stated above, the Court recommends that Plaintiff's remaining claims against WDIO-TV be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

V.      **CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein,

      **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Entry of Judgment

[Docket No. 45] be granted and Defendant's Motion to Dismiss [Docket No. 50] be

granted with prejudice.


Dated: November 18, 2011              _s/ Leo I. Brisbois_____
                                       LEO I. BRISBOIS
                                         United States Magistrate Judge

## N O T I C E

      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation

by filing with the Clerk of Court, and serving all parties **by December 2, 2011**, a writing that

specifically identifies the portions of the Report to which objections are made and the bases for

each objection. A party may respond to the objections within fourteen days of service thereof.

Written submissions by any party shall comply with the applicable word limitations provided for

in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the

objecting party's right to seek review in the Court of Appeals.  This Report and

Recommendation does not constitute an order or judgment from the District Court, and it is

therefore not directly appealable to the Court of Appeals.